UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES MARYATT and KATHLEEN MARYATT, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN CASUALTY COMPANY OF READING PA; FEDERAL INSURANCE COMPANY, a corporation; GRANITE STATE INSURANCE COMPANY, a corporation; PROTECTIVE NATIONAL INSURANCE COMPANY OF OMAHA, a corporation; WESTCHESTER FIRE INSURANCE COMPANY, a corporation; TRAVELERS INDEMNITY COMPANY, a corporation,<br><br>Defendants. | No. C06-5011RBL<br><br>ORDER ON MOTIONS TO DISMISS AND MOTIONS TO TRANSFER |

This matter is before the Court on Motions to Dismiss filed in the form of joinders to American Casualty's Motion to Dismiss [Dkt. #7]. Defendants Granite State Insurance Company [Dkt. #38]; Westchester Fire Insurance Company [Dkt. # 23]; Travelers Indemnity Company [Dkts. #26 and 34]; and Federal Insurance Company [Dkt. #27] all join in the portion of American Casualty's Motion arguing that this court does not have subject matter jurisdiction over the litigation because there is no justiciable controversy presented in the Plaintiff's complaint. The remaining defendant, Defendant Protective

ORDER 1

National, has been dismissed pursuant to a Stipulated Order of Dismissal [Dkt. #50].

For the reasons discussed below, and consistent with the Court's prior Order Granting American Casualty's Motion to Dismiss [Dkt. #51], Defendants' Motions are GRANTED.

## DISCUSSION

**A.  Motions to Dismiss.**

Defendants jointly argue that this Court lacks subject matter jurisdiction over Plaintiffs' claim. Specifically, they assert that Plaintiffs fail to present a justiciable controversy between themselves and the insurer Defendants.[1]

The Plaintiffs have failed to demonstrate that they are a potentially liable party for environmental damages at the Washington site. Plaintiffs claim that they are operators of the Washington site; however, neither of the Plaintiffs has ever been the owner of the Washington site. More importantly, Plaintiffs (admittedly) have not been the subject of any administrative proceedings, lawsuits, or any request or demand whatsoever that they investigate or remediate the Washington site. Plaintiffs are not and never have been responsible for costs associated with environmental damage at the Washington site. Because Plaintiffs have no potential liability with respect to the Washington site, there is no controversy for this Court to resolve with respect to liability insurance coverage. *See Asarco, Inc. v. Dep't of Ecology*, 145 Wn.2d 750, 759-760, 43 P.3d 471 (the court lacks subject matter jurisdiction to adjudicate environmental damages under the MTCA when Ecology has not identified plaintiff as a potentially liable person). This Court therefore dismisses Plaintiffs' claims against the remaining defendants with respect to the Washington site, for lack of a justiciable controversy and a corresponding lack of subject matter

---

[1] Defendant Granite State also argues that Plaintiffs' claim with respect to the Washington site is barred by res judicata. Like American Casualty, Granite State negotiated a settlement agreement precluding American Linen–and Plaintiffs by way of privity–from re-instituting a claim under Granite State's policy until Plaintiffs spend $1 million in cleanup costs. Granite State argues, and Plaintiffs do not dispute, that this condition precedent was not met. This Court therefore concludes that for reasons outlined in its prior Order, Plaintiffs' claims with respect to Granite State are also barred.

ORDER                                        2

jurisdiction.

**B.     Motions for Change of Venue.**

The Defendants jointly move under 28 U.S.C. § 1404(a) to transfer this action to the Federal District Court for the Northern District of California.  They argue that because the California site is the only site at issue, the action should be transferred there in order to more easily and efficiently access documents and witnesses associated with the site.  For reasons stated in the court's prior Order, this Motion is GRANTED and the remaining claims, related to the California site, are TRANSFERRED to the United States District Court for the Northern District of California.

*  *  *

The Court therefore GRANTS Defendants' Motions to Dismiss Plaintiffs' claims regarding the Washington site, and GRANTS Defendants' Motions to Transfer the remaining action regarding the California site to the United States District Court for the Northern District of California [Dkts. #7, 38, 23, 26, 27 and 34].  Additionally, Plaintiffs' pending Motion for Summary Judgment [Dkt. #44] is DENIED as moot.

IT IS SO ORDERED.

DATED this 20th of March, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE